IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERRA OILFIELD SOLUTIONS, LLC | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 4:16-CV-02282 |
| ROTATING SOLUTIONS, LLC | § § § | |
| Defendant. | § | |

### BRIEF IN SUPPORT OF MOTION TO REMAND AND REQUEST FOR ATTORNEY'S FEES AND COSTS

Terra Oilfield Solutions, LLC ("TSOL"), Plaintiff in this action, pursuant to 28 U.S.C. § 1447(c), moves this Court for an order remanding this action to the 284th Judicial District Court of the State of Texas, County of Montgomery, on the grounds that removal was improperly made and that this Court lacks jurisdiction over the subject matter of this action.

### INTRODUCTION

1.   The party seeking removal bears the burden to establish facts creating federal subject-matter jurisdiction.  Contrary to the allegations in the Notice of Removal, Defendant has not satisfied the prerequisites for federal jurisdiction based on diversity of citizenship.  Defendant confuses the factors establishing the citizenship of a limited liability company with those of a corporation.  While a corporation's citizenship is evidenced by the state of incorporation and/or its principal place of business, those are not the facts that determine citizenship for a limited liability company.  Instead, the company's citizenship depends on that of its individual members.  Neither Plaintiff's original petition nor the Notice of Removal contains any allegations regarding the citizenship of Plaintiff's members.  Absent such allegations, Defendant cannot establish Plaintiff's

citizenship, nor that the parties are completely diverse, which it must do as the removing party. Defendant's removal of this matter is therefore defective.

## PROCEDURAL HISTORY

2.      Plaintiff filed the subject lawsuit in the 284th Judicial District Court for Montgomery County, Texas on January 5, 2016.  Jurisdiction and venue were proper in Texas state court based on the allegations in the petition concerning the location of the parties, the nature of the transaction, and Defendant's contacts with the forum state.  See Plaintiff's Original Petition and Request for Disclosures ("Petition") ¶¶ 2-4.  Defendant was served with the Petition on July 11, 2016, and Defendant removed the matter to federal court on August 1, 2016.  The parties twice filed joint motions to continue deadlines and conferences, resulting in the most recent Order of Continuance by this Court setting an October 10, 2016, deadline for the instant motion, and an October 19, 2016 deadline for Defendant's answer or motion to dismiss.  See Order on Continuance, September 8, 2016.

## GROUNDS FOR REMOVAL AND REMAND

3.      It is well settled that subject-matter jurisdiction for federal court exists only in cases where the issues raised creates a question of federal law, or in which there is diversity of citizenship and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1331, 1332; *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513.  The party seeking removal bears the burden of demonstrating facts to establish federal jurisdiction.  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).  The statutes providing for removal are strictly construed against removal and in favor or remand.  *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211.  Defendant here claims that removal is proper based on diversity jurisdiction.  In determining whether jurisdiction exists, the court considers the claims

and allegations set forth in the original state court petition as of the date of removal. *Wisconsin Dept. of Corr. v. Schacht*, 524 U.S. 381, 391 (1998).

## ARGUMENT

### I.   No Federal Subject Matter Jurisdiction Exists in this Matter Because Defendant Failed to Establish that the Parties are Diverse.

#### A.   Defendant Mistakenly Relies on the Corporation Test to Assert that Plaintiff is a Texas Citizen.

4.   For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir.2008). In *Harvey,* plaintiff Louisiana residents sued a Texas limited partnership ("LP") and a Texas resident in federal court based on diversity. *Id* at 1078. The district court treated one of the LP's partners, a Louisiana limited liability company ("LLC"), as a corporation, deemed it be a citizen of Louisiana, and dismissed the case for lack of diversity. *Id*. At 1079. The appeals court reversed, holding that, "like limited partnerships and other unincorporated associations and entities, the citizenship of a LLC is determined by the citizenship of all its members." *Id*. at 1080. Accordingly, because none of the members of the Louisiana LLC were actually citizens of Louisiana, the LLC itself was not a Louisiana citizen. The LLC and an individual who was a Texas citizen were the only partners in the Texas LP. *Id.* At 1078. Because none of the partners that comprised the Texas LP defendant were citizens of Louisiana, the LP itself was not a Louisiana citizen, thereby establishing complete diversity between the parties. *Id*. At 1080. Hence, federal jurisdiction was proper. *Ibid*.

5.   Here, while Plaintiff's petition makes allegations regarding the state in which it was organized and its principal place of business, which are relevant for determining a corporation's citizenship, there are no allegations regarding the citizenship of Plaintiff's members. As the

*Harvey* case holds, the citizenship of Plaintiff's members must be established in order to determine TSOL's citizenship, and by extension, whether the parties are diverse from each other. If Defendant, itself an LLC, is indeed a citizen of Louisiana for diversity purposes, then under the *Harvey* test Plaintiff must have no members who are also citizens of Louisiana in order for there to be complete diversity between the parties.

### B. TSOL has a Member this is a Louisiana Citizens, which makes TSOL a Louisiana Citizen for Diversity Purposes.

6.   As evidenced by the Affidavit of Jeff May, filed in support of Plaintiff's motion, TSOL consists of one member, OFS Commander, LLC. May Affidavit, ¶ 2. OFS Commander's members include Terra Oilfield Services, LLC. *Id*. at ¶ 4. Terra Oilfield Services, LLC's members include OFS WT3, LLC. *Id*. at ¶ 5. One of the members of OFS WT3, LLC, in turn, is OFS Energy Fund II (QP), L.P. *Id*. at ¶ 6. One of the named limited partners of OFS Energy Fund is an individual, natural person, whose residence is located in Baton Rouge, Louisiana. *Id.* at ¶ 7. Jeff May has been sending checks to that named limited partner's residence for at least four years, and has not received any indication that this limited partner has changed or intends to change his residence to a state other than Louisiana. *Ibid*. Thus, this individual limited partner is domiciled in Louisiana, and therefore is a citizen of Louisiana for purposes of diversity. *See Freidrich v. Davis*, 767 F.3d 374, 377 (3d Cir.2014); *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir.2003). Because the citizenship of a limited partnership and a limited liability company depends on the citizenship of its members, and the citizenship of this Louisiana limited partner can be traced back to TSOL, Plaintiff is a citizen of Louisiana for diversity purposes.

7.   Defendant, Rotating Solutions, LLC, alleges in its Notice of Removal at Paragraph 7 that it is a citizen of Louisiana. As established above, TSOL is also a citizen of Louisiana.

Hence, the parties lack complete diversity and removal to federal court was improper. *MacGinnitie v. Hoggs Grp.*, 420 F.3d 1234, 1239.

## II. Defendant Lacked an Objectively Reasonable Basis for Removal, and Plaintiff is Entitled to An Award of Reasonable Attorneys' Fees and Costs.

8. Plaintiff further moves the Court to order Defendant to pay to Plaintiff all costs and expenses, including attorneys' fees, as described in the attached Affidavit of Royce S. Lanning, which is filed herewith and expressly incorporated herein. Removal was improper and lacked an objectively reasonable basis under 28 U.S.C. § 1447(c). *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Defendant's Notice of Removal is based on the erroneous assertion that the citizenship of a limited liability company is determined by the state in which the entity was organized, or its principal place of business. Notice of Removal at ¶¶ 6, 7. Thus, Defendant relies on the allegations in the complaint regarding the same in order to establish diversity. *Id*. However, as mentioned above, citizenship of a limited liability company for diversity purposes is established by the citizenship of its members. *Harvey,* 542 F.3d at 1080. Defendant knew or should have known that the corporate test for citizenship under the diversity statutes does not apply to limited liability companies. Plaintiff's original complaint contains no allegations regarding the citizenship of its members. Similarly, Defendant included no allegations regarding the citizenship of Plaintiff's members in its Notice of Removal. Absent such allegations, Defendant could not and did not meet its burden of establishing the jurisdictional prerequisites for removal. *See Wilson, supra*, 257 U.S. at 97. As a result, Plaintiff seeks reasonable attorneys' fees and costs associated with the filing of this motion in the amount of $5,704.83.

Respectfully submitted

 */s/ Royce S. Lanning*

BRET L. STRONG
Bar No. 00795671
bstrong@thestrongfirm.com
ROYCE S. LANNING
Bar No. 24055819
rlanning@thestrongfirm.com
**THE STRONG FIRM, P.C.**
1790 Hughes Landing Blvd., Suite 200
The Woodlands, Texas 77380
Tel. (281) 367-1222
Fax (281) 210-1361

*Attorneys for Plaintiff*
TERRA OILFIELD SOLUTIONS, LLC

**CERTIFICATE OF SERVICE**

   The undersigned attorney certifies that, on October 10, 2016, a true and correct copy of this instrument was filed electronically, notice of the filing was served on all Counsel by operation of the Court's electronic filing system via electronic mail and certified mail, return receipt requested, and the parties may access this filing by and through the Court's electronic filing system.

   KATHRINE M. SILVER
   Bar No. 24013510
   ksilver@jw.com
   BRUCE J. RUZINSKY
   Bar No. 17469425
   bruzinsky@jw.com
   WILLIAM A.I. MCDONALD, III
   Bar No. 24071360
   wmcdonald@jw.com
   **JACKSON WALKER L.L.P.**
   1401 McKinney, Suite 1900
   Houston, Texas 77010
   Tel. (713) 752-4340
   Fax (713) 308-4141

               */s/ Royce S. Lanning*
               Royce S. Lanning